UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESLIE A. POUNDS,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY KING; JOHN LORANGER; DAVID KENNY; JAMES CHAMPOUX; GARY FLEMING; CAROL GRANDMONTAGNE; WASHINGTON STATE DEPARTMENT OF CORRECTIONS; WILLIAM DORAN; and DOUG KOLLASCH,<br><br>    Defendants. | CASE NO. C06-314BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO STRIKE |

This matter comes before the Court on the Report and Recommendation of the Honorable Monica J. Benton (Dkt. 56). The Court has considered the Report and Recommendation, Plaintiff's fourth declaration,[1] Plaintiff's objections, Defendants' response, Plaintiff's motion to strike, and the remainder of the file, and hereby adopts the Report and Recommendation and denies Plaintiff's motion to strike for the reasons stated herein.

---

[1] This document was filed before the Report and Recommendation was filed but entered into the electronic file after the Report and Recommendation was entered.

ORDER - 1

## I. BACKGROUND AND DISCUSSION

**A.  EIGHTH AMENDMENT**

Plaintiff contends that the medical treatment he received at the Monroe Correctional Complex-Washington State Reformatory Unit violated the Eighth Amendment to the United States Constitution as follows:

> The actions of Defendants Loranger, Kenney, and Champoux depriving, delaying, or failing to intervene with timely, appropriate, specialized medical treatment for Plaintiff's seriously painful lower back injury ultimately causing Plaintiff months of prolonged pain and suffering, in addition to mental anguish and emotional distress were done wantonly and willfully and constitute[] cruel and unusual punishment in violation of the Eight[h] Amendment of the United States Constitution.
> The failure of Defendants Loranger, Kenney, and Champoux to take action to curb the known pattern of deprivation, delay, or failure to intervene with timely, appropriate, specialized medical treatment of inmates constitutes deliberate indifference and contributed directly to and proximately caused the above described violation of the Eight[h] Amendment of the United States Constitution.

Dkt. 48 at 12.

As detailed in the Report and Recommendation, Plaintiff sought and received treatments that did provide him some relief. *See* Dkt. 56 at 7-10. In addition, while Plaintiff did not receive an MRI until four months after his injury, the Report and Recommendation correctly notes that there is no indication of serious injury or unnecessary pain resulting from this delay.

In his objections, Plaintiff contests several facts relating to this claim.

**1.  Access to Specialist for Second Opinion**

Plaintiff contends that he asked Defendants to arrange to have Plaintiff seen by a specialist in spinal injuries. Dkt. 58 at 3. In his deposition, Plaintiff clarified that he was prohibited from obtaining a second opinion from a specialist by virtue of his incarceration and that Defendants did not assist him in obtaining a second opinion. Dkt. 50-2, Exh. 2 at 37-39. Plaintiff contends that on January 24, 2008, he underwent a procedure known as a "chemical nerve root block" that has

temporarily relieved him of pain and revealed additional information about his injury.

A prison inmate has no independent constitutional right to outside medical care supplemental or additional to the medical care provided by the prison staff within the institution. *See Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986). A difference of medical opinion does not amount to deliberate indifference under the Eighth Amendment. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Taken in the light most favorable to Plaintiff, Defendants' failure to assist Plaintiff in obtaining outside medical care in addition to the treatment provided by prison staff does not rise to the level of an Eighth Amendment violation.

### 2. Treatment of Muscle Spasms

Plaintiff contends that he was admitted to the hospital for muscle spasms and related pain but not for his back injury. Plaintiff contends that Defendant Kenney evaluated and treated Plaintiff for his muscle spasms. As detailed in the Report and Recommendation, Plaintiff was admitted to the hospital on December 18, 2003, and treated for both back pain and muscle spasms. *See, e.g.*, Dkt. 52-2 at 21 (notes indicating that Plaintiff complained of pain and spasms); Dkt. 52-2 at 22 ("assisted Dr. Kenney inject area of muscle spasm and area of lower back pain").

### 3. Lack of Treatment During Pendency of Worker's Compensation Claim

Plaintiff contends that upon his release from the hospital, he was told that he would receive no further treatment until his worker's compensation claim was approved. Defendant Loranger arranged for Plaintiff to complete a worker's compensation claim form on January 8, 2004. Dkt. 52-2 at 35. Plaintiff sought and received treatment after this date. *See id.*

### 4. Treatment by Dr. Champoux

Plaintiff contends that Defendant Champoux did not examine Plaintiff when he was initially seen on April 16, 2004, and that Dr. Champoux told him to "learn

1  to live with the pain" at his second appointment. It appears that Dr. Champoux
2  prescribed an exercise regimen for Plaintiff's back pain. *See* Dkt. 50-3, Exh. 3 at
3  62.

### 5. Physical Therapy

Plaintiff contends that he requested, but never received, physical therapy. As noted in the Report and Recommendation, there is no indication that Plaintiff requested physical therapy from the Department of Corrections. *See* Dkt. 56 at 10. Plaintiff's assertion that his otherwise detailed medical records omit several requests for physical therapy is insufficient to withstand summary judgment.

### 6. Use of Stairs

Plaintiff contends that he was exposed to real and potential serious injuries because he was required to use two flights of stairs to access meals, legal materials, and religious and other activities. Absent evidence of actual injury, this contention does not create a genuine issue of material fact for trial.

### 7. Conclusion

As set forth in the Report and Recommendations, Plaintiff fails to allege sufficient facts to support his Eighth Amendment claim. While Plaintiff may contest the type of treatment he was afforded by Defendants, a mere difference of opinion is insufficient to establish deliberate indifference, as required by the Eighth Amendment. Plaintiff's record reveals that he sought and received treatment and does not disclose evidence from which a reasonable trier of fact could conclude that Defendants were deliberately indifferent to Plaintiff's medical needs. The Court therefore adopts this portion of the Report and Recommendation and dismisses Plaintiff's Eighth Amendment claim.

**B.  FOURTEENTH AMENDMENT**

Plaintiff contends that Defendants' handling of his worker's compensation claim violated his rights to due process and equal protection under the Fourteenth Amendment.

**1.  Due Process**

Plaintiff contends that "Defendants violated Plaintiff's statutory rights when they failed to keep in contact with the Department of Labor and Industries and informed of Plaintiff's medical treatment and status, disability rating and time loss information after they themselves decided that they were going to be Plaintiff's primary care givers" without affording Plaintiff notice or a fair hearing. Dkt. 58 at 7. Plaintiff fails to offer authority for requiring Defendants, as opposed to the Department of Labor and Industries, to provide him notice or a hearing. In addition, as noted by the Report and Recommendation, Plaintiff's claim was reopened, and there is no evidence that Plaintiff was denied benefits to which he was entitled as a result of action by Defendants.

**2.  Equal Protection**

Plaintiff contends that he was entitled to statutory benefits and was therefore a member of a protected class. As correctly noted by the Report and Recommendation, Plaintiff fails to demonstrate that Defendants' action was knowing and intentional or that Plaintiff was denied benefits to which he was entitled.

**3.  Conclusion**

As set forth in the Report and Recommendation, Plaintiff fails to demonstrate any equal protection or due process violations by Defendants and fails to demonstrate that he was denied benefits to which he was otherwise entitled as a result of any such violations.

### C. STATE CLAIMS

As recommended by the Report and Recommendation, the Court having determined that summary judgment as to Plaintiff's federal claims is proper, the Court declines to exercise jurisdiction over Plaintiff's state claims.

### D. PLAINTIFF'S MOTION TO STRIKE

Plaintiff moves to strike Defendants' response to Plaintiff's objections as untimely. Dkt. 60. After Plaintiff filed his objections, the Report and Recommendation was renoted for consideration on February 29, 2008. Defendants' response, filed on February 25, was timely.

## II. ORDER

Therefore, it is hereby

**ORDERED** that the Court **ADOPTS** the Report and Recommendation (Dkt. 56). It is further **ORDERED** that Plaintiff's motion to strike (Dkt. 60) is **DENIED**, Defendants' motion for summary judgment (Dkt. 50) is **GRANTED**, Plaintiff's Eighth and Fourteenth Amendment claims are **DISMISSED with prejudice**, and Plaintiff's negligence and malpractice claims are **DISMISSED without prejudice**.

DATED this 13th day of March, 2008.

BENJAMIN H. SETTLE
United States District Judge